UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CYNTHIA BULL, as Administrator of the Estate of
ROBERT H. INGALSBE, V, Deceased,

Plaintiff,

vs.

                                                   **NOTICE OF REMOVAL OF
ACTION**

**28 U.S.C. §§1441, 1446 (Fed-
eral Question)**

COUNTY OF ERIE, et al.,                           Case No.:

                                             N.Y.S. Index No. 804540/2021

Defendant(s).

---

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DIS-
TRICT OF NEW YORK:

    **PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. §§1441(a) and 1446, the above-

named Defendant, COUNTY OF ERIE, hereby removes this action to this Court the civil action

filed in the Supreme Court of the State of New York, County of Erie under the Erie County

Clerk's index number 804540/2021, as described below.

**STATE OF NEW YORK)**
**COUNTY OF ERIE    )   ss.:**
**CITY OF BUFFALO   )**

    **KENNETH R. KIRBY**, being duly sworn, deposes and says:

    1.     I am an Assistant Erie County Attorney.

    2.     I am admitted to practice law in the courts of the State of New York and in this

honorable Court.

1

3.     Pursuant to assignment by former Erie County Attorney Michael A. Siragusa, I have been representing the County of Erie in a civil action filed in the Supreme Court of the State of New York, County of Erie under the Erie County Clerk's index number 804540/2021. A copy of the Erie County Clerk's Docket Report for the said case is attached as Exhibit "A."

## I.    PROCEDURAL HISTORY OF THE NEW YORK SUPREME COURT ACTION PRIOR TO PLAINTIFF'S MOTION TO SUPPLEMENT/AMEND

4.     On April 6, 2021, the Plaintiff, Cynthia Bull, as Administrator of the Estate of ROBERT H. INGALSBE, V, Deceased, commenced a civil action in the Supreme Court of the State of New York, County of Erie under the Erie County Clerk's index number 804540/2021. Copies of the Summons and Verified Complaint, cumulatively Docket No. 1 in the Erie County Clerk's aforesaid file, are attached hereto as Exhibits "B" and "C,' respectively.

5.     The original Verified Complaint alleged only state law causes of action for (i) false imprisonment; (ii) false arrest; (iii) negligence, and (iv) wrongful death.  It alleged no federal law claims or causes of action.

6.     The original Verified Complaint named as defendants the following entities only: (i) County of Erie, (ii) Erie County Sheriff's Office, (iii) Town of Grand Island, and (iv) Town of Grand Island Police Department.

7.     The Defendant, Erie County Sheriff's Office ("ECSO"), moved, pre-answer, to dismiss the Verified Complaint as against it on the ground that it is not a legal entity capable of being sued in its own name or right.  By her Decision, dated August 16, 2021 (Dkt. No. 27), New York Supreme Court Justice Donna M. Siwek granted ECSO's motion.  See, copy of Decision, Exhibit "D."

8.    The aforesaid Decision was memorialized in an Order and Judgment dismissing the Verified Complaint as against ECSO with prejudice (Dkt. No. 30), a copy of which is attached as Exhibit "E."

9.    The parties' respective attorneys executed, and Justice Siwek signed, an Order by Stipulation by which (i) the Town of Grand Island and the Town of Grand Island Police Department were dismissed as defendants and (ii) the title of the New York Supreme Court action was amended in order, also, to recognize the dismissal, with prejudice, of ECSO from the case, to read as follows:

STATE OF NEW YORK
SUPREME COURT    :    COUNTY OF ERIE

---

CYNTHIA BULL, as Administrator of the Estate of
ROBERT H. INGALSBE, V, Deceased,

                                         Plaintiff,

vs.                                                              [ N.Y.S.] Index No. 804540/2021

COUNTY OF ERIE,

                                         Defendant.

---

(See Notice of Entry, Dkt. No. 33 with Order by Stipulation[1], Dkt. No. 32, copy attached as Exhibit "F.")

10.    In the meantime, within twenty days of service of the Summons and Verified Complaint upon it on June 1, 2021, the Defendant, County of Erie, had (i) filed and served, on June 17, 2021 its Verified Answer to Verified Complaint (Dkt. Nos. 2 and 3) and, then, (ii) filed

---

[1] Inasmuch as the parties' attorneys stipulated to the change of the title of the action to delete therefrom, as a defendant, ECSO, I have not attached copies of the moving, opposing, and reply papers (Dkt. Nos. 4-15; 21-26) that were submitted on ECSO's motion to dismiss.

and served, on July 7, 2021, its Verified Amended Answer to Verified Complaint (Dkt. Nos. 16 and 17). Copies of these pleadings, with affidavits of service, are attached as Exhibits "G" and "H," respectively.

11.    Eventually, on May 12, 2022, Brittany Lee Penberthy, Esq., replaced Michael J. Dowd, Esq., as attorney of record for the Plaintiff, CYNTHIA BULL, as Administrator of the Estate of ROBERT H. INGALSBE, V, Deceased. See Notice of Appearance, Dkt. No. 35, copy attached as Exhibit "I."

## II.    DISCOVERY PROCEEDINGS IN THE NEW YORK SUPREME COURT ACTION

12.    Under cover of my correspondence to Mr. Dowd, dated June 17, 2021 (Exhibit "J"), I served the following discovery and other demands upon the Plaintiff:

(i)    Defendant County of Erie's Demand for a Verified Bill of Particulars (Exhibit "K");

(ii)    Defendant County of Erie's various Omnibus Discovery Demands (Exhibit "L");

(iii)    Defendant County of Erie's Notice to Take Deposition Upon Oral Questions of Plaintiff, Cynthia Bull (Exhibit "M").

13.    In addition, before the Town of Grand Island and the Town of Grand Island Police Department were discontinued as defendants, I served a Notice to depose representative(s) thereof (Exhibit "N").

14.    Under cover of his e-mail to me dated September 6, 2021 (copy attached as Exhibit "O"), Vincent G. Saccomando, Esq., attorney for the then-co-defendants, Town of Grand Island and Town of Grand Island Police Department, produced to me the following items:

(i)    ECSO Arrest/Booking Form (Exhibit "P");

(ii)    ECSO Warrant (Exhibit "Q");

(iii)   Affidavit of Robert Rine, "Officer in Charge of the Grand Island Police Department," sworn to July 6, 2021 (Exhibit "R").

15.   The Plaintiff's attorneys have neither served formal discovery demands within the context of the above action, nor have they served responses to Defendant County of Erie's aforesaid demands (see, ¶¶12[i-iii], above).

16.   No examinations before trial have been conducted.

### III.   THE PLAINTIFF'S RECENT MOTION, IN NEW YORK SUPREME COURT, TO SUPPLEMENT AND AMEND THE SUMMONS AND COMPLAINT TO ADD MULTIPLE NEW PARTIES AND TO NEWLY ASSERT FEDERAL LAW CLAIMS IN ADDITION TO PLANTIFF'S PRE-EXISTING STATE LAW CAUSES OF ACTION, GIVING RISE TO THIS NOTICE OF REMOVAL

17.   Late in the afternoon on Friday, September 9, 2022, the Plaintiff's attorney, Brittany Lee Penb3erthy, Esq., filed and served the Plaintiff's notice of motion (Dkt. No. 36, Exhibit "S" hereto) for permission to file and serve Plaintiff's proposed (i) Supplemental and Amended Summons (Dkt. No. 39, Exhibit 'T" hereto) and (ii) Amended Complaint with Jury Trial Demand (Dkt. No. 39, Exhibit "U" hereto). The foregoing two items were attached as Exhibit "B" to Ms. Penberthy's Supporting Affirmation (Dkt. No. 37), affirmed September 9, 2022 (itself, together with Exhibit "A" [Dkt. No. 38] attached thereto, attached hereto as Exhibit "V.").

18.   The proposed Supplemental and Amended Summons would add **fifty-eight additional defendants** to the one current defendant, County of Erie.

19.   To the Plaintiff's state law claims – alleged against only the County of Erie -- for false imprisonment, false arrest, negligence, and wrongful death, the proposed Amended Complaint would newly add (i) one additional state law claim, denominated by the Plaintiff, "Special Duty," also alleged against only the County of Erie, (ii) federal law claims for (a) "42

5

U.S.C. §1983 Constitutional Deprivation of Adequate Medical Care;" (b) "42 U.S.C. §1983

Monell Claim;" (c) "42 U.S.C. §1983 False Arrest;" (d) "42 U.S.C. §1983 False Imprisonment;"

(e) "42 U.S.C. §1983 Municipal Liability – Failure to Train;' and (f) "42 U.S.C. §1983 – Sub-

stantive Due Process," and (iii) two claims, whose origin in state or federal law is unclear, for

"Negligent Hiring, Training and Supervision" and "Failure to Treat." All of the claims

mentioned in subdivisions (ii) and (iii) above appear to be alleged against all of the prospective

new defendants, as well as against the one and only current defendant, County of Erie.

20.    Inasmuch as the six federal law claims adverted to above involve and raise

questions of federal law, they are subject to the original jurisdiction of this honorable Court

under 28 U.S.C. §1331, captioned "Federal question." Further, "the federal court has jurisdiction

over ]Plaintiff Bull's] state law claims, given Plaintiff's inclusion of state law claims: * * *."

Shukla v. Deloitte Consulting LLP, 2020 WL 949426 at *6 (S.D.N.Y. 2020).

21.    Inasmuch as the proposed Amended Complaint, first served and filed on

September 9, 2022, was the first amended pleading, motion, order or other paper received by

Defendant, County of Erie, from which it may be ascertained that this case is one which is, has,

or may become removable, the within Notice of Removal is timely and this action is subject to

immediate removal to the United States District Court for the Western District of New York

pursuant to Shukla v. Deloitte Consulting LLP, *supra*, at *2 ("Before any of the aforementioned

[state court] motions [for leave to file and serve a proposed Third Amended Complaint which

added federal claims] were decided, . . . , Defendant filed a notice of removal to this Court.") and

at *6 ("However, Plaintiff is the architect of this situation since he amended his state court

pleading to add multiple federal claims, thereby entitling Defendant to remove the case to this

Court.").

6

22.     Finally, in the event that this Court believes that any if the items mentioned in note 1, supra, need to be supplied to the Court, Defendant, County of Erie, will promptly supply them upon the Court's request that it do so.

## CONCLUSION

23.     Pursuant to its undeniable right unilaterally so to do (see, in this regard, Shukla v. Deloitte Consulting LLP, *supra*, at *6 ["Finally, nothing in the removal statute requires Defendant to obtain consent from Plaintiff or the Court before filing a notice of removal, * * *."]), Defendant, County of Erie, hereby removes the above-entitled action from the New York Supreme Court in and for the County of Erie to the United States District Court for the Western District of New York.

Subscribed and sworn to before me this 14th day of
September, 2022 by Assistant Erie County Attorney
Kenneth R. Kirby, by me known and to me known
to be the same.

                                        _s/ Kenneth R. Kirby_____
                                        KENNETH R. KIRBY, ESQ.
                                        Ass't. Erie Co. Att'y.


s/ Linda Juliano-Jack_____
NOTARY PUBLIC – STATE OF NEW YORK
Reg No. 01JU6078508
Qualified in Erie County
My Commission Expires Aug 5, 2026

**Dated:**     Buffalo, New York
            September 19, 2022

                                              Yours, etc.,

                                              **JEREMY C. TOTH, ESQ.**
                                              Erie County Attorney
                                              Attorney for Defendant, COUNTY OF
                                              ERIE

                                              By: s/ Kenneth R. Kirby
                                                    KENNETH R. KIRBY, ESQ.
                                                    Ass;t. Erie Co. Att'y., of Counsel

                                              Office & P. O. Address:
                                              Erie County Department of Law
                                              95 Franklin Street, Room 1634
                                              Buffalo, New York 14202
                                              Tel: (716)858-2226
                                              Email: Kenneth.kirby@erie.gov

To:     **PENBERTHY LAW GROUP LLP**
        Brittany Lee Penberthy, Esq. of Counsel
        Attorneys for Plaintiff
        Office & P. O. Address:
        227 Niagara Street
        Buffalo, New York 14201
        Tel: (716)803-8402
        Email: bpenberthy@penberthylawgroup.com

**Index of Documents Filed in State Court prior to removal**

See Exhibit "A," attached NYSCEF Document List for Index #804540/2021 in Erie County
Supreme Court.

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2022 I electronically filed with the clerk of District Court using its CM/ECF system, and on the same date the court's CM/ECF system caused to be (electronically) served the foregoing to the following CM/ECF participants at the following (email) addresses:

Brittany Lee Penberthy, Esq., of Counsel
Attorney for Plaintiff
**Office & P. O. Address:**
227 Niagara Street
Buffalo, New York 14201
Tel: (716)803-8400
Email: bpenberthy@vandettepenberthy.com

Dated: Buffalo, New York
       September 19, 2022

JEREMY C. TOTH, ESQ.
Erie County Attorney,
Attorney for County of Erie

By:s/Kenneth R. Kirby
Kenneth R. Kirby, Esq., of Counsel
Assistant County Attorney
95 Franklin Street, Suite 1634
Buffalo, New York 14202
Tel: (716) 858-2226