# EXHIBIT C

STATE OF NEW YORK    : SUPREME COURT
COUNTY OF ERIE

---

Cynthia Bull, Administratrix of the Estate
Of Robert H. Ingalsbe, V. deceased.

               Plaintiff

-AGAINST-                      VERIFIED COMPLAINT
                                     Index No. 804540 /2021

The County of Erie, Erie County Sheriff's Office
The Town of Grand Island and the Town of Grand
Island Police Department.

               Defendants.

---

Plaintiff, individually and as administratrix of the Estate of Robert H. Ingalsbe, V., deceased, alleges:

1. At all relevant times, plaintiff was and is a resident of Erie County, New York.

2. Robert H. Ingalsbe, V. (the "Decedent") died on or about October 12, 2019.

3. At all relevant times, prior to his death, the Decedent was a resident of Erie County, New York.

4. Plaintiff was appointed administratrix of the Decedent's estate by letters of temporary administration issued by the Surrogate's Court, Erie County, on October 25, 2019.

5. Defendant County of Erie ("County") is a municipal corporation organized and existing under the laws of the State of New York, which acts by and through its departments, servants, agents, and employees, including defendant Erie County Sheriff's Office ("Sheriff") and its agents, servants and employees.

6. Defendant Sheriff is an agent of Defendant County is organized and exists under the laws of the State of New York.

7. Defendant Town of Grand Island ("Town) is a municipal corporation organized and existing under the laws of the State of New York, which acts by and through its departments, servants, agents, and employees, including defendant Town of Grand Island Police Department ("Police") and its agents, servants and employees.

8. Defendant Police is an agent of Defendant Town is organized and exists under the laws of the State of New York.

9. On, December 26, 2019, plaintiff served a notice of claim upon all named Defendants.

10. At least thirty days have elapsed since the service of such notice, and adjustment or payment of the claim by Defendants has been neglected or refused.

11. Upon information and belief, at about 5:30 a.m. on October 10, 2019, the Decedent was arrested at 151 Fernwood Lane, Grand Island New York, by Erie County Sheriff deputies executing arrest warrants issued by the Town of Grand Island Town Court and by an Erie County District Attorney Indictment Warrant alleging charges of New York State Penal Law §160.10 (1) Robbery in The Second Degree and §155.25 Petit Larceny.

12. Upon information and belief, the Sheriff deputies investigating the charges resulting in these warrants knew or should have known that the charge of §160.10 (1) Robbery in The Second Degree and §155.25 Petit Larceny were not supported by law or facts.

13. Upon information and belief, that charge of §160.10 (1) Robbery in The Second Degree and §155.25 Petit Larceny was pursued due to the Sherriff deputies' inability to charge the Decedent with other unrelated crimes that they suspected the decedent had committed and that the charges of §160.10 (1) Robbery in The Second Degree and §155.25 Petit Larceny were malicious leading to the Decedents false arrest and imprisonment.

14. Upon information and belief, the Decedent was taken into custody and detained at the Town of Grand Island Police Station located at 1856 Whitehaven Road, Grand Island, New York before being transferred to the Erie County Holding Center located at 121 West Eagle Street, Buffalo, New York.

15. Upon information and belief, the Sheriff and Police were advised while the decedent was detained at the Grand Island Police Station that the Decedent was under the influence of drugs and likely to cause injury to himself or attempt suicide if incarcerated.

16. Upon information and belief, the Decedent attempted to commit suicide by hanging himself in a jailcell on October 11, 2019 at approximately 12:45 pm while incarcerated at the Erie County Holding Center.

17. That the Decedent died from the suicide attempt on October 12, 2019 at the Erie County Medical Center.

18. That Sheriff personnel knew or should have known of the Decedent's likelihood that he would cause injury to himself yet failed to take precautions against that by keeping him under observation while he was incarcerated at the Erie County Holding Center.

19. Upon information and belief, Sheriff personnel failed to recognize the immediate danger the Decedent's life was in.

20. By its actions, errors, omissions and negligent conduct, defendant Sheriff, its agents, servants and employees, acted in a proprietary manner, created a special relationship with the Decedent and owed a special duty to the Decedent, and knew that a failure to act could lead to the harm and death of the Decedent.

## FIRST CAUSE OF ACTION : FALSE IMPRISONMENT

21. The Plaintiff repeats, realleges and affirms the allegations in paragraphs 1-20 as if set forth fully herein.

22. Beginning on or about October 10, 2019 at approximately 5:30 a.m., the Defendants, by and through their agents, servants and/or employees, intentionally handcuffed and imprisoned the Decedent, without any just cause or grounds therefor, and held him against his will under full force of arms until his death on October 12, 2019.

23. The imprisonment was caused by the Defendants, their agents, servants, and/or employees, without authority of the law since, upon information and belief, arrest warrants were issued as the result of malicious intent, without any reasonable grounds or cause to believe that the Decedent was guilty of such crimes, or that the Defendants had just cause to imprison the Decedent.

24. The Decedent was innocent of the crimes charged and did not contribute in any way or manner to his arrest by the Defendants, their agents, servants, and/or employees, and was forced to submit to the arrest, imprisonment, and confinement completely against his will.

25. The Defendants, their agents, servants, and/or employees, as set forth above, intended to confine the Decedent in that the Decedent was conscious of the confinement; the Decedent did not consent to the confinement; and the confinement was not otherwise privileged.

26. By reason of the false imprisonment and detention of the Decedent, he was subjected to great indignity, humiliation, pain, and great distress of mind and body and was otherwise been damaged and died as a result of his false imprisonment.

27. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION: FALSE ARREST

28. The Plaintiff repeats, realleges and affirms the allegations in paragraphs 1-27 as if set forth fully herein.

29. On October 10, 2019 at approximately 5:30 a.m., the Decedent was arrested by the Defendants their agents, servants, and/or employees.

30. The arrest was caused by the Defendants, their agents, servants, and/or employees, without any reasonable grounds or cause to believe that the Decedent was guilty of such crimes, or that the Defendants had just cause to arrest the Decedent.

31. The Decedent was innocent of the crimes charged and did not contribute in any way or manner to her arrest by the Defendants, their agents, servants, and/or employees, and was forced to submit to the arrest, imprisonment and confinement completely against his will.

32. The Defendants, their agents, servants, and/or employees, as set forth above, intended to arrest and confine the Decedent in that the Decedent was conscious of the arrest and confinement; the Decedent did not consent to the arrest; and the arrest was not otherwise privileged.

33. By reason of the false arrest and detention of the Decedent, he was subjected to great indignity, humiliation, pain, and great distress of mind and body and has otherwise been damaged and died as a result of his imprisonment.

34. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## THIRD CAUSE OF ACTION: NEGLIGENCE

35. The Plaintiff repeats, realleges and affirms the allegations in paragraphs 1-34 as if set forth fully herein.

36. The Defendants, the County, Town, Sheriff and Police were negligent, careless, and reckless in hiring, retaining, supervising, and promoting their deputies and officers. The deputies and officers, as employees of the County and Town, were not qualified to be hired, retained, or promoted as deputies or police officers, and lacked the experience, deportment, skill, training, and ability to be employed and retained by the County and Town.

37. The County and Town failed to exercise due care and caution in its hiring, retaining, and/or promoting practices, in that the County and Town failed to adequately investigate the officers' backgrounds; adequately screen and test officers; failed to adequately monitor officers; failed to properly discipline officers; failed to properly train and retrain officers; and were otherwise negligent, careless, and reckless.

38. The false arrest, and imprisonment, and resulting injuries to the Decedent were caused wholly and solely by reason of the negligence or deliberate indifference of the County and Town, their agents, servants, and/or employees, without any negligence on the part of the Decedent contributing thereto.

39. Upon information and belief, at all relevant times, Defendant Erie County Sheriff's Office, was and is a law enforcement agency organized and existing under the laws of the State of New York and responsible for operating the Erie County Holding Center.

40. At all relevant times, the Decedent was under the influence of drugs at the time of his incarceration and was known by the personnel of the Sheriff to have suicidal tendencies.

41. The Decedent required special care and observation to ensure that he would not injure himself or attempt to commit suicide.

42. The Decedent was incarcerated at the Erie County Holding Center on October 10, 2019 until he attempted to commit suicide on October 11, 2019.

43. By being in the custody of the Defendants County and Sheriff, and as a ward of these defendants, the Decedent depended on these Defendants to properly care for him; to properly monitor him; to properly observe him; and to ensure that he did not attempt to injure himself or commit suicide.

44. Defendants County and Sheriff knew or should have known that the Decedent was suicidal and therefore required specialized care, attention, monitoring and observation.

45. Defendants County and Sherriff had a duty at all times to ensure that the Decedent was properly cared for; properly observed; and properly monitored.

46. On October 12, 2019, the Decedent died as a direct, proximate result of the Defendants', County and Sheriff's negligence, gross negligence, recklessness and carelessness, in that they breached their duties to properly care for, observe, monitor, and assist the Decedent.

47. Defendants, County and Sheriff, their agents and employees, failed to properly monitor the decedent in light of his known drug addiction and suicidal tendencies.

48. The Defendants', County and Sheriff's, negligence, gross negligence, recklessness and carelessness proximately cause the decedent's death.

49. As a result of the Defendants', County and Sheriff's, negligent, grossly negligent, reckless, wanton and careless conduct, the Decedent was caused to suffer, suffered and was conscious of extreme pain, anguish, agony, and bodily suffering.

50. Immediately prior to his death, as a result of the Defendants', County and Sheriff's,' negligent, grossly negligent, reckless, wanton, and careless conduct, the Decedent was caused to suffer.

51. By reason of the foregoing, plaintiff in this action is entitled to compensatory damages in an amount to be determined at trial, and to punitive damages in an amount to be determined at trial, but in excess of the jurisdictional limits of any lower court, and to attorneys' fees, costs and disbursements, plus interest.

### FOURTH CAUSE OF ACTION: WRONGFUL DEATH

52. The Plaintiff repeats, realleges and affirms the allegations in paragraphs 1-51 as if set forth fully herein.

53. The Decedent, is dead, having died on October 12, 2019 in the custody of the Sheriff.

54. The Decedent's death was caused by the wrongful conduct of the Defendants', County and Sheriff's, set forth above.

55. This cause of action could have been maintained by the Decedent, at the moment of his death, if his death had not ensued.

56. Two minor children, Mackenzie M. Ingalsbe and Robert H. Ingalsbe, VI survived the Decedent.

57. The infants depended upon, and expected to depend upon, their father, the Decedent, financially, and have therefore suffer and continue to suffer pecuniary loss.

58. The Two minor children, Mackenzie M. Ingalsbe and Robert H. Ingalsbe, VI have lost the financial support of the Decedent, the Decedent's voluntary assistance, and any and all inheritance(s) they stood to gain from the Decedent.

59. The two minor children, Mackenzie M. Ingalsbe and Robert H. Ingalsbe, VI depended upon, and expected to depend upon, the Decedent for his love, support, affection, parental guidance and advice, as well as his intellectual and moral development, and have been forever deprived of the foregoing, and have therefore suffered and continue to suffer pecuniary loss.

60. Plaintiff in this case is the duly appointed personal representative of the Estate of Robert Ingalsbe, V and is authorized to prosecute this Wrongful Death action..

61. EPTL 5-4.1 grants the personal representative of the Estate procedural authority to bring the wrongful death claim.

62. EPTL 5-4.4(a) provides that damages recovered in a wrongful death action, whether by action or settlement, "are exclusively for the benefit of the decedent's distributees and, when collected, shall be distributed to the persons entitled thereto under 4-1.1 and 5-4.5."

63. EPTL 4-1.1 establishes the manner of distribution of a decedent's estate; EPTL 5-4.5 addresses the issue of non-marital children of intestate decedents, and provides, in relevant part: "For the purposes of this part, a non-marital child is the distributee of his father …"

64. EPTL 4-1.1(a)(3) provides that if a decedent dies intestate and is survived by issue and no spouse, the "whole" of the estate goes to the decedent's issue.

65. By reason of the foregoing, plaintiff in this action, on behalf the two minor children, Mackenzie M. Ingalsbe and Robert H. Ingalsbe, VI, is entitled to compensatory damages in an amount to be determined at trial, and to punitive damages in an amount to be determined at trial, but in excess of the jurisdictional limits of any lower court, and to attorneys' fees, costs and disbursements, plus interest.

## FIFTH CAUSE OF ACTION: SPECIAL DUTY

66. The Plaintiff repeats, realleges and affirms the allegations in paragraphs 1-65 as if set forth fully herein.

67. Defendants County and Sheriff, through their employees, agents, members and/or officers had personal and direct contact with the Decedent and his immediate family members.

68. Defendants County and Sheriff, through their employees, agents, members and/or officers, including the made representations and statements to his immediate family members and owed and voluntarily assumed a duty of reasonable care to act on behalf of the Decedent to properly monitor and observe him while incarcerated.

69. The nature of the response of Defendants, County and Sheriff, was ministerial.

70. The response of Defendants, County and Sheriff, did not involve judgment or discretionary decision-making.

71. Defendants, County and Sheriff, in failing to utilize adopted protocols and provide proper observation of the Decedent while he was incarcerated and knowing or should have known that the Decedent was a risk to himself, are responsible for the decedent's injuries and death.

72. By reason of the acts, errors and omissions of Defendants, County and Sheriff, the Decedent was left vulnerable to his known suicidal tendencies.

73. Defendant County and Sheriff, and their employees, agents, members and/or officers, knew or should have known that a failure to observe and monitor the Decedent while he was incarcerated would lead to the Decedents harm or death.

74. By reason of the foregoing, there existed a special relationship between the Decedent and Defendants, County and Sheriff, and a special duty was owing from Defendants, County and Sheriff to the Decedent.

75. Defendants, County and Sheriff, their employees, agents, members and/or officers, wrongfully, negligently and carelessly failed to monitor or observe the Decedent.

76. The negligence of Defendants, County and Sheriff, described above constituted a breach of the duty of reasonable care owed to the Decedent and caused him personal injury, pain and suffering, and death,

all to his damage in an amount to be determined at trial and which exceeds the jurisdiction of all lower courts.

WHEREFORE, plaintiff demands judgment on each cause of action as follows:

1. On the first cause of action, plaintiff, on behalf of the Decedents estate, is entitled to recover damages in an amount to be determined by the trier of fact, punitive damages, attorneys' fees, costs, interest, and such other relief as the court deems proper;

2. On the second cause of action, plaintiff, on behalf of the Decedents estate, is entitled to recover damages in an amount to be determined by the trier of fact, punitive damages, attorneys' fees, costs, interest, and such other relief as the court deems proper;

3. On the third cause of action, plaintiff, on behalf of the Decedents estate, is entitled to recover damages in an amount to be determined by the trier of fact, punitive damages, attorneys' fees, costs, interest, and such other relief as the court deems proper;

4. On the fourth cause of action, plaintiff, on behalf of the Decedents estate, is entitled to recover damages in an amount to be determined by the trier of fact, punitive damages, attorneys' fees, costs, interest, and such other relief as the court deems proper;

5. On the fifth cause of action, plaintiff, on behalf of the Decedents estate, is entitled to recover damages in an amount to be determined by the trier of fact, punitive damages, attorneys' fees, costs, interest, and such other relief as the court deems proper.

Dated: April 6, 2021

Michael J. Dowd, Esq.
Attorney for Plaintiff
920 Center Street
Postal Box 1238
Lewiston, New York 14092
(716) 754-7865

## VERIFICATION

STATE OF NEW YORK}
                    ss:
COUNTY OF ERIE}

Cynthia J. Bull, Administrator of the Estate of Robert H. Ingalsbe, V, the Plaintiff in the foregoing Verified Complaint, being duly sworn, says:

I have read the foregoing Verified Complaint, I know the contents thereof, the same is true of my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

*Cynthia J. Bull*

Cynthia J. Bull

On April 6, 2021 before me personally came Cynthia J. Bull, to me known to be the person described in and who executed the foregoing instrument. Such person duly swore to such instrument before me and duly acknowledged that she executed the same.

Notary Public

MICHAEL J. DOWD
Notary Public, State of New York
Qualified in Niagara County
My Commission Expires April 16, 2022