# EXHIBIT D

FILED: ERIE COUNTY CLERK 08/17/2021 03:46 PM                    INDEX NO. 804540/2021
NYSCEF DOC. NO. 27                                              RECEIVED NYSCEF: 08/17/2021



**SUPREME COURT CHAMBERS**
**STATE OF NEW YORK**
Donna M. Siwek
*Supreme Court Justice*

25 Delaware Avenue
4th Floor, Part 26
Buffalo, NY 14202

Katherine B. Roach, Confidential Law Clerk
kroach@nycourts.gov
Ann M. Metz, Secretary – ametz@nycourts.gov

August 16, 2021

Michael J. Dowd, Esq.
P.O. Box 1238, 921 Center Street
Lewiston, New York 14092
*Attorney for Plaintiff*

Kenneth R. Kirby, Asst. Erie County Attorney
Erie County Attorney's Office
95 Franklin Street, Room 1634
Buffalo, New York 14202
*Attorney for Defendant County of Erie, Erie County Sheriff's Office*

Re:  Cynthia Bull, Administrator of the Estate of Robert H. Ingalsbe, V, Deceased v. County
     of Erie, Erie County Sheriff's Office, Town of Grand Island and Town of Grand
     Island Police Department
     Index No.  804540/2021

## DECISION

Dear Counselors:

After reviewing the papers submitted to the Court on August 12, 2021 and the relevant statutes and case law, please be advised that the Court grants Defendant Erie County Sheriff's Office's motion for dismissal for failure to state a cause of action pursuant to CPLR §3211(a)(7).

We concur with the Defendant Erie County Sheriff's Office that it is not a separate legal entity capable of being sued in its own name. (See, *Wierzbic v. County of Erie, et al*, 2019 WL 550521 (W.D.N.Y. 2019) and *Santamiagro v. County of Orange, et al*, 226 A.D.2d 359 (2d Dept 1996). We concur with the Defendant Sheriff's Office that Plaintiff's request to defer a ruling on this motion so as to allow Plaintiff an opportunity to discover the identity of yet unnamed sheriff's deputies who participated in the decedent's arrest would be inappropriate as those yet to

Decision                                              August 16, 2021

be named defendants/deputies are not united in interest with the Defendant Erie County Sheriff's Office. *See*, *Johanson v County of Erie, et al,* 134 A.D.3d 1530 (4th Dept 2015), and Plaintiff has failed to establish that she would be entitled to the benefit of the relation-back doctrine. *See*, *Jones v Seneca County and Deputy Eldredge,* 154 A.D.3d 1349 (4th Dept. 2017).

Based on the foregoing the Defendant Erie County Sheriff's Office motion for dismissal for failure to state a cause of action pursuant to CPLR §3211(a)(7) is granted.

Counsel are directed to agree on the form and content of an order and upload the agreed upon order to NYSCEF.

*[signature]*

DONNA M. SIWEK
New York State Supreme Court Justice

Dated: August 16, 2021