UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CYNTHIA BULL, as Administrator [*sic*] of the Estate
 of Robert H. Ingalsbe, V, Deceased,

                      Plaintiff,

          v.

COUNTY OF ERIE,

                    Defendant.
_____

REPORT
and
RECOMMENDATION

22-CV-00704-JLS-LGF

APPEARANCES:      PENBERTHY LAW GROUP, LLP
                            Attorneys for Plaintiff
                            BRITTANY LEE PENBERTHY, of Counsel
                            227 Niagara Street
                            Buffalo, New York  14201
                                   and
                            TOOHEY & DOWD, P.C.
                            Attorneys for Plaintiff
                            MICHAEL J. DOWD, of Counsel
                            904 Center Street
                            P.O. Box 732
                            Lewiston, New York  14092-0732

                            JEREMY C. TOTH
                            ERIE COUNTY ATTORNEY
                            County of Erie
                            Department of Law
                            KENNETH R. KIRBY, and
                            ERIC WARREN MARRIOTT
                            Assistant County Attorneys, of Counsel
                            95 Franklin Street
                            Suite 1634
                            Buffalo, New York  14202

## **JURISDICTION**

This case was referred to the undersigned by Honorable John L. Sinatra, Jr. on August 3, 2023, for all pretrial matters including preparation of a report and

recommendation on dispositive motions. (Dkt. 12).  The matter is presently before the court on Plaintiff's motion for leave to file an amended complaint (Dkt. 1-19), filed September 9, 2022, prior to the action's removal to this court from New York Supreme Court, Erie County.

## BACKGROUND and FACTS[1]

On April 6, 2021, Plaintiff Cynthia Bull ("Plaintiff"), as Administratrix of the Estate of Robert H. Ingalsbe, V, Deceased ("Decedent"), filed a complaint in New York Supreme Court, Erie County ("state court"), alleging against Defendants County of Erie ("the County" or "Defendant"), Erie County Sheriff's Office ("ECSO"), the Town of Grand Island ("Town"), and the Town of Grand Island Police Department ("Town Police") (together, "Defendants"), claims under New York state law for false imprisonment, false arrest, negligence, and wrongful death pertaining to Decedent's arrest on October 10, 2019, pretrial detainment at Erie County Holding Center ("ECHC"), and suicide attempt on October 11, 2019, resulting in Decedent's death on October 12, 2019 ("state action"). On June 7, 2021, Defendant ECSO moved to dismiss the state action as against ECSO for failure to state a claim because ECSO is a department of the County and, as such, is not a suable entity.  On August 16, 2021, New York State Supreme Court Justice Donna M. Siwek ("Justice Siwek") granted the motion with prejudice (Dkt. 1-5) ("State Court Decision").  On June 17, 2021, the County filed an answer in state court (Dkt. 1-7), and on July 7, 2021, the County filed an amended answer in state court (Dkt. 1-8). By stipulation of the parties granted by Justice Siwek on January 31, 2022, and filed in state court on February 1, 2022, Defendants ECSO, the Town, and the Town Police

---

[1] The Facts are taken from the pleadings filed in this action.

were dismissed as Defendants to the state action and the caption was amended to reflect the County is the only Defendant.

On September 9, 2022, Plaintiff filed in state court a motion for leave to file an amended complaint seeking to add to the state action 57 named defendants and Erie County Sheriff's Deputies John Does 1-10, and to assert additional claims including pursuant to state law and 42 U.S.C. § 1983 ("§ 1983") (Dkt. 1-19) ("motion to amend"), as well as a proposed amended complaint (Dkt. 1-21) ("PAC"), and the Attorney Affirmation [of Brittany L. Penberthy, Esq.][2] in Support of Plaintiff's Motion to Amend the Complaint (Dkt. 1-22) ("Penberthy Affirmation") attaching Exhibit A, which is a 412-page exhibit containing responses to requests made to the County by Plaintiff pursuant to New York Freedom and Information Law ("FOIL") to determine the identities of entities and individual actors in the alleged claims (Dkt. 1-22 at 14-426) ("Exhibit A").[3]  Before the motion to amend was ruled upon in state court, on September 19, 2022, the County removed the state action to this court asserting subject matter jurisdiction based on federal question.  (Dkt. 1) ("Removal Notice").  Accordingly, when removed to this court, the state action included only state claims asserted only against the County ("the removed action").  On October 10, 2022, Plaintiff commenced a related action in this court, *Bull v. Erie County Sheriff Timothy B. Howard*, 22-CV-766 (W.D.N.Y.) ("federal action"), asserting claims pursuant to state law and § 1983 against 12 named defendants as well as Correctional Health Care Unit John/Jane Does 1-10.

---

[2] Unless otherwise indicated, bracketed material has been added.
[3] Plaintiff also references "Exhibit B" described as "the call log dated October 10, 2019" for two calls, one between Decedent and Plaintiff, and the other between Decedent and his sister.  A thorough search of the record, however, fails to show Exhibit B was ever filed.

By Text Order entered January 18, 2024 (Dkt. 13), the parties were ordered to file papers regarding the motion to amend.  Accordingly, on February 28, 2024, Defendant County filed the Declaration of [Assistant Erie County Attorney Eric W. Marriott, Esq.] in Opposition to Plaintiff's Motion for Leave to Amend Her Complaint (Dkt. 18) ("Marriott Declaration"), attaching the Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend Her Complaint (Dkt. 18-1) ("Defendant's Response"), and exhibits A and B (Dkts. 18-2 and 18-3).  On March 5, 2024, Plaintiff filed the Declaration [of Brittanylee Penberthy, Esq.] in Reply and Further Support of Plaintiff's Motion to Amend (Dkt. 20) ("Penberthy Declaration"), attaching Plaintiff's Memorandum of Law in Further Support of Plaintiff's Motion to Amend the Complaint (Dkt. 20-1) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, the case should be REMANDED to New York Supreme Court, Erie County for lack of subject matter jurisdiction and the Clerk of Court should be directed to CLOSE the file.  Alternatively, Plaintiff's motion for leave to file an amended complaint should be DENIED.

## DISCUSSION

**1.     Motion to Amend**

Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do so as of right requires either consent of all parties or leave of the court. Pursuant to Rule 15(a), motions for leave to amend the complaint are to be freely given when justice requires and granting such leave is within the sound discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Although leave to amend is to be freely

4

granted, the court considers whether the motion should be denied based on undue delay, bad faith, results in undue prejudice, or is futile. *Id*. The trial court may deny leave to amend "when the movant has unduly delayed in seeking leave, when it is apparent that [he] is acting in bad faith or with dilatory motive, when the opposing party will be unduly prejudiced if leave is granted or when the proposed amendment would be futile." *Gavenda v. Orleans Cty.*, 1996 WL 685740, *2 (W.D.N.Y. Nov. 22, 1996) (citing *Foman v. Davis*, 371 U.S. at 182). An amendment to a pleading is futile if it could not withstand a motion to dismiss under Rule 12(b)(6). *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 491 (2d Cir. 2011) ("[A] court may dismiss without leave to amend when amendment would be "futile," or would not survive a motion to dismiss.").

In the instant case, Plaintiff's motion to amend is futile because the court is without jurisdiction over the case and, alternatively, the motion would not withstand a motion to dismiss because the proposed amended complaint ("PAC") does not comply with the pleading requirements set forth in Fed. R. Civ. P. Rules 8(a) and 10.

**2. Jurisdiction and Remand**[4]

"'Subject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 121 (2d Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). Further, "[t]he Court *sua sponte* or plaintiff may seek to remand a removed action any time prior to entry of judgment where the basis

---

[4] The undersigned's determination that the matter should be remanded for lack of subject jurisdiction is considered dispositive. See *Williams v. Beemiller*, 527 F.3d 259, 266 (2d Cir. 2008).

5

for remand is the lack of federal subject matter jurisdiction, 28 U.S.C. § 1447(c)." *S. Point, Inc. v. Krawczyk*, 2008 WL 434590, at *3 (W.D.N.Y. Feb. 14, 2008).

In the instant case, Defendant County removed the state action to this court pursuant to 28 U.S.C. § 1331 ("§ 1331") (federal question jurisdiction) upon receiving a copy of Plaintiff's motion to amend[5] along with the PAC where federal claims pursuant to § 1983, which would establish federal question jurisdiction, are asserted for the first time. In a case like the instant case in which the original complaint does not disclose a ground for removal, the defendant must remove the case to federal court within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Although the Second Circuit has not addressed whether the 30-day clock for removal is triggered upon the filing or granting of a motion for leave to amend the complaint to assert federal claims, the majority of courts conclude it is the granting of the motion that starts the clock. As explained by one such court,

> Under 28 U.S.C. § 1446(b), where a case is not initially removable, a defendant may timely remove only after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which *is or has become* removable"—not one that *may* become removable. And a *proposed* amended complaint that on its face would provide a basis for subject matter jurisdiction does not *become* removable until it becomes the operative complaint in the case. Where leave to amend is required, an amended complaint cannot be operative until that leave has been granted. Simply put, in federal court, there is simply no such thing as "contingent" subject matter jurisdiction.

*McDonough v. UGL UNICCO*, 766 F. Supp. 2d 544, 546 (E.D. Pa. 2011) "*McDonough*") (italics in *McDonough*) (citing *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal.

---

[5] While this action was pending in state court, the Complaint could be amended within 20 days as a matter of right, N.Y. C.P.L.R. § 3025(a), after which Plaintiff was required to seek leave to amend from the court. N.Y. C.P.L.R. § 3025(b).

6

Until then, the complaint did not state a federal claim.  It might never state a claim, since the state judge might deny the motion.")).

See also 250 Lake Avenue Associates, LLC v. Erie Ins. Co., 281 F.Supp.3d 355, 340 (W.D.N.Y. 2017) (quoting McDonough).

    Shukla v. Deloitte Consulting LLP, 2020 WL 949426, (S.D.N.Y. Mar. 27, 2020) ("Shukla"), on which Defendant relies in removing the action from state court, Removal Notice at 6, is inapposite.  In Shukla, similar to the instant action, the defendant removed an action to federal district court from state court while a motion was pending in state court to amend the complaint to assert federal claims, asserting federal question as the basis for jurisdiction in district court.  Shukla, 2020 WL 949426, at * 2.  After the case was removed, the plaintiff filed in district court another motion to amend to assert federal claims, and the defendant consented to allow the proposed amended complaint to be filed and the plaintiff withdrew the motion for leave to amend.  Id. at *2.  Not only is it unclear why the matter was not sua sponte dismissed for want of subject matter jurisdiction when removed from state court, but the court also accepted, without question, the defendant's argument that federal question jurisdiction exists supporting removal upon the defendant's receipt of an "'amended pleading, motion, order or other paper received by defendant from which it may be ascertained that the case is one which is, has, or may become removable. . . .'"  Id. at * 5 (quoting the defendant's memorandum of law, putatively quoting 28 U.S.C. § 1331) (italics added).  Although the equivocal word "may" would allow for the removal of an action for which there is a possibility it would become removable based on federal question jurisdiction upon the court granting a pending motion to amend the pleadings to assert federal claims, the word "may" simply does not appear in § 1331.  In short, Shukla does not support

Defendant's removal of the action from state court to this court based on subject matter jurisdiction.

Accordingly, because Plaintiff's motion to amend was never ruled upon in state court, the PAC containing federal claims is not the operative pleading such that no federal questions are before the court which thus is without subjected matter jurisdiction over the removed case.  The removed case therefore should be REMANDED to state court, with the Clerk of Court directed to CLOSE the file.  Although the undersigned is recommending the case be remanded to state court for want of federal jurisdiction, Defendant's arguments opposing Plaintiff's motion are addressed in the alternative should the district judge disagree with the recommendation that the matter be remanded.

3.     **First-Filed Rule**

Defendant argues that the PAC contains claims that are duplicative of claims in the previously filed federal action, *i.e.*, 22-CV-766, in violation of the so-called "first-filed" rule.  Defendant's Response at 1-2.  Alternatively, Defendant requests the court impose a stay on either the removed action or the federal action pending a determination on the other, *i.e.*, the action not stayed.  *Id*. at 3.  In opposition, Plaintiff argues that because the removed action was filed before the federal action, the federal action should not be treated as the first-filed action for purposes of the first-filed rule.  Plaintiff's Reply at 2. Alternatively, Plaintiff does not oppose Defendant's alternative request for a stay pending determination of Plaintiff's motion to amend nor consolidation of the removed action and the federal action.  *Id*. at 3.

Defendant "recognizes the well-settled principle in this Circuit that '[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second.'"[6]  *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quoting *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.,* 804 F.2d 16, 19 (2d Cir.1986) (quoting *Fort Howard Paper Co. v. William D. Witter, Inc.,* 787 F.2d 784, 790 (2d Cir.1986))).  The "relevant benchmark" to determine whether an action originally filed in federal court or an action filed in state court and removed to federal court is the first filed action is the state court filing date for the state court action. *See About.com, Inc. v. Aptimus, Inc.*, 2001 WL 503251, at *2 (S.D.N.Y. May 11, 2001) (citing *800–Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F.Supp. 128, 131 n. 1 (S.D.N.Y.1994) (noting that where a state court action is removed to federal court, the state court filing date is the benchmark for the purposes of the first filed rule)).  In the instant case, the removed action was commenced in state court on April 6, 2021, more than 18 months prior to the federal action which was commenced on October 10, 2022. Accordingly, there is no merit to Defendant's argument that Plaintiff's motion should be denied based on the first-filed rule.

4. **Non-Suable Entities**

In the PAC, Plaintiff seeks, *inter alia*, to assert claims against ECSO, Department of Sheriff of Erie County Correctional Health Care Unit ("Sheriff's Department"), and

---

[6] The court notes that should the district judge agree with the initial recommendation that the removed action be remanded to state court for lack of subject matter jurisdiction, "the first-to-file doctrine applies to concurrent federal litigation—not concurrent state/federal litigation." *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 473 (S.D.N.Y. 2001).

Correctional Health Care ("CHC").  Defendant argues in opposition to Plaintiff's motion that each such entity, as a municipal department within Defendant County, is without any legal identity and, as such, is not amenable to suit in its own name.  Defendant's Response at 3-4.  Defendant further argues that the doctrine of *res judicata* based on the August 16, 2021 State Court Decision in which Justice Siwek dismissed the action against the Sheriff's Department bars Plaintiff's motion insofar as Plaintiff seeks to assert additional claims against the Sheriff's Department.  *Id*. at 4-7.  In reply, Plaintiff concedes the claims in the PAC cannot be asserted against ECSO, the Sheriff's Department, and CHC all of which are non-suable entities, Plaintiff's Reply at 3, and that for the same reason, Defendant's *res judicata* argument needs not be addressed.  *Id*.  Accordingly, Plaintiff's motion should be DENIED with regard to the claims Plaintiff seeks to assert against ECSO, the Sheriff's Department, and CHC.

**5.     Lack of Particularity**

In support of Plaintiff's motion, rather than presenting factual allegations in the PAC pertaining to each of the individual putative defendants, Plaintiff references Exhibit A which is the County's 412-page response to Plaintiff's FOIL requests.  PAC ¶¶ 72-75 (directing the reader's attention to Exhibit A to the PAC, described as "the Erie County Sheriff's Department 'Police Report Suicide Attempt'" concerning the Decedent's suicide attempt and death, the entirety of which Plaintiff incorporated into the PAC).  In opposing Plaintiff's motion, Defendant argues the mere attachment of Exhibit A to the PAC fails to provide the required particularization of allegations to put the proposed defendants on notice of the claims Plaintiff seeks to assert against them.  Defendant's Response at 7-9.  In further support of Plaintiff's motion, Plaintiff argues that because a

motion to amend should be granted provided the proposed amended complaint would not be subject to dismissal for failure to state a claim, and because a court considering a motion to dismiss for failure to state a claim may consider not only the subject pleading, as well as documents attached thereto and documents incorporated by reference, the PAC, through Exhibit A, provides sufficient detail showing the claims contained in the PAC would survive a motion to dismiss.  Plaintiff's Reply at 3-4.

     Not discussed by the parties is whether the PAC complies with Fed. R. Civ. P. Rules 8 ("Rule 8__") and 10 ("Rule 10__").  Specifically, Rule 8 provides that a pleading setting forth a claim for relief must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "The statement should be short because '[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'"  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1281, at 365 (1969)).  The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.'"  *Hudson v. Artuz,* 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y.1995) (other citations omitted)).  Rule 8 also requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Although "[n]o technical form is required," each allegation of the Plaintiff "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d).

Additionally, Fed. R. Civ. P. 10 provides in pertinent part that:

[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

Adherence to Rules 8 and 10 provides fair notice and facilitates clear presentation of the matters set forth in the complaint. *United States v. Erie County, NY*, 724 F. Supp.2d 357, 366 (W.D.N.Y. 2010) (citing *O'Diah v. New York*, 2010 WL 786271, at *9 (N.D.N.Y. Mar. 2, 2010) (citing *Phillips v. Girdich,* 408 F.3d 124, 128 (2d Cir.2005), and *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y.1995))). A complaint that fails to comply with the pleading requirements of Rules 8 and 10 "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Here, the PAC consists of 60 pages, with 186 separately enumerated paragraphs setting forth 14 claims for relief asserted against 59 defendants. Although it is clear that Plaintiff's PAC claims are based on the Decedent's arrest by some defendants and attributes the Decedent's death to actions or failures to act by other defendants, Plaintiff fails to set forth the specific manner in which each defendant allegedly was involved in the events giving rise to the claims. Instead, Plaintiff merely refers the reader to Exhibit A and the non-existing Exhibit B,[7] implying the specifics of each claim as asserted against each defendant can be gleaned from the contents of the voluminous exhibits.

---

[7] Discussion, *supra*, at 3 n. 3.

12

Penberthy Declaration ¶ 25; Penberthy Reply at 3-4.  This is insufficient to advise each putative defendant of the factual basis for the asserted claims; rather, the PAC leaves it to the putative defendant (and the court) to decide what Plaintiff intends to allege against each defendant, a job which belongs to Plaintiff, requiring Plaintiff's motion be DENIED.  See Abreu v. Brown, 2015 WL 13828733, at ** 3-4 (W.D.N.Y. June 3, 2015) (dismissing for failure to comply with Rule 8(a), complaint and its supplement consisting of 266 pages with 1170 numbered paragraphs, and 131 named defendants, additional unnamed defendants, and exhibits, rendering it difficult to discern how each defendant was allegedly personally involved in the various claims asserted).  Accordingly, Plaintiff's motion should be DENIED based on a failure to particularize the claims and to comply with Rule 8 and 10 such that the PAC would not withstand a motion to dismiss.

      The Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  Salahuddin, 861 F.2d at 42 (citations omitted).  Nevertheless, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citations omitted).  In such cases of dismissal, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  In the instant case, because the court's perusal of Exhibit A establishes there may be a basis for viable claims against putative defendants, the denial of Plaintiff's motion should be without prejudice.

## **CONCLUSION**

Based on the foregoing, the case should be REMANDED to New York Supreme Court, Erie County for lack of subject matter jurisdiction and the Clerk of Court should be directed to CLOSE the file. Alternatively, Plaintiff's motion for leave to file an amended complaint (Dkt. 1-19) should be DENIED.

Respectfully submitted,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 20, 2024
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 20, 2024
         Buffalo, New York