UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CYNTHIA BULL, as Administrator of
the Estate of Robert H. Ingalsbe, V,
deceased,

        Plaintiff,                              22-CV-704 (JLS)

    v.

COUNTY OF ERIE,

        Defendant.
_____

### DECISION AND ORDER

      Plaintiff Cynthia Bull, as Administrator of the Estate of Robert H. Ingalsbe, filed a complaint in New York Supreme Court, Erie County. *See* Dkt. 1. On September 19, 2022, Defendant removed the case to federal court based on federal question jurisdiction. *Id.* Prior to Defendant's removal, Bull filed a motion in state court for leave to file an amended complaint, which remains pending. On March 20, 2024, Judge Foschio issued a Report and Recommendation ("R&R"),[1] recommending that this Court remand the case to New York Supreme Court, Erie County for lack of subject matter jurisdiction. *See* Dkt. 21, at 14.

      Neither party objected to the R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. §

---

[1] This Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. sections 636(b)(1)(A), (B), and (C). Dkt. 12.

636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. section 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

Though not required to do so here, this Court nevertheless reviewed Judge Foschio's R&R. Based on that review, and absent any objections, the Court accepts and adopts the R&R's recommendation to remand the case to New York Supreme Court, Erie County for lack of subject matter jurisdiction (Dkt. 21).

## CONCLUSION

For the reasons above and in the R&R, this Court remands the case to New York Supreme Court, Erie County based on lack of subject matter jurisdiction. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   April 11, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE